**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AR BROADCASTING HOLDINGS, INC., *et al.*,[1] | Case No. 11-13674 (BLS) |
| Debtors. | (Joint Administration Pending) |

**DEBTORS' MOTION FOR AN ORDER (I) GRANTING AN EXTENSION
OF THE TIME TO FILE (A) SCHEDULES OF ASSETS AND LIABILITIES, (B)
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES,
AND (C) STATEMENTS OF FINANCIAL AFFAIRS; (II) PERMANENTLY
WAIVING THE REQUIREMENTS TO FILE THE SAME UPON
CONFIRMATION OF THE PLAN, AND (III) DIRECTING UNITED STATES
TRUSTEE NOT TO CONVENE A MEETING OF CREDITORS**

The above-captioned debtors (the "Debtors"), by and through their proposed undersigned counsel, hereby submit this Motion (the "Motion"), for the entry of an order, (i) granting the Debtors additional time to file their (a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs (collectively, the "Schedules"), (ii) permanently waiving the requirements to file the same upon confirmation of the Prepackaged Plan (as defined below), and (iii) directing the Office of the United States Trustee (the "US Trustee") not to convene a meeting of creditors in the Debtors' bankruptcy cases. In support of the Motion, the Debtors rely on the Declaration of Linda A. Hill In Support of Debtors' Chapter 11 Petitions and First Day Pleadings (the "Hill Declaration"), filed contemporaneously with this Motion, and respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases are: AR Broadcasting Holdings, Inc. [0989], AR Broadcasting, LLC [6353] and AR Licensing, LLC [0743]. The location of the Debtors' corporate headquarters and the service address for all Debtors is: AR Broadcasting Holdings, Inc., 3280 Peachtree Road, Suite 2300, Atlanta, Georgia 30305.

## JURISDICTION AND VENUE

1.        This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.        The statutory predicates for the relief sought herein are sections 105(a), 341(e), and 521 of the Bankruptcy Code, Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules," and together with the Bankruptcy Rules, the "Rules").

## BACKGROUND

3.        On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.        The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.        No trustee, examiner or committee has been appointed in any of the Debtors' chapter 11 cases.

6.        AR Broadcasting Holdings, Inc. ("AR Holdings") owns all of the equity of AR Broadcasting, LLC ("StickCo") and StickCo owns all the equity of AR Licensing, LLC ("StickCo Licensing").

7.    StickCo currently operate four radio stations: (i) KHJK-FM (formerly KIOL-FM) and KFNC-FM in Houston, TX, and (ii) KMJK-FM and KCHZ-FM in Kansas City, MO-KS (collectively, the "Radio Stations" and individually, each a "Radio Station").

8.    A more detailed overview of the company and the reasons for the commencement of these chapter 11 cases is set forth in the Hill Declaration filed contemporaneously herewith and incorporated herein by reference.

### The Proposed Prepackaged Plan

9.    On or about January 27, 2011, the Debtors, their lenders, and Media Parent (as defined in the Prepackaged Plan) entered into that certain Restructuring Support Agreement (as amended, the "Restructuring Support Agreement"). The Restructuring Support Agreement sets forth the terms upon which the Debtors' lenders and Media Parent would support the restructuring of the obligations of Debtor AR Broadcasting, LLC under the prepetition loan documents (the "Restructuring"), which includes both material terms of a plan of reorganization and post-restructuring contractual arrangements with Media Parent governing the management of the Radio Stations.

10.    Pursuant to the Restructuring Support Agreement and in furtherance of the Restructuring, the Debtors prepared the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, dated October 28, 2011, as the same may be amended from time to time (the "Prepackaged Plan"). On October 28, 2011, the Debtors commenced solicitation of the Prepackaged Plan from holders of Class 2 Prepetition Credit Facility Claim holders, the only impaired class entitled to vote on the Plan. Every member of this class voted to accept the Prepackaged Plan as set forth in the Affidavit of Service and Vote Certification of Michelle M. Dero filed contemporaneously herewith. Further, Media

Parent, holder of the Class 6 Holdings Equity Interests, supports the Prepackaged Plan. All allowed unsecured claims will be paid in full under the Prepackaged Plan.

11.    The Debtors have determined that prolonged chapter 11 cases would severely damage their ongoing business operations and threaten their viability as a going concern. Pursuant to the Restructuring Support Agreement, and as more fully set forth in the Debtors' Motion of the Debtors for Order (A) Scheduling Objection Deadline and Combined Hearing on Disclosure Statement and Confirmation of Plan; (B) Approving Form and Notice of Combined Hearing on Disclosure Statement and Confirmation of Plan; (C) Establishing Procedures for Objecting to Disclosure Statement and Plan; (D) Approving Solicitation Procedures; and (E) Granting Related Relief, discussed below, the Debtors agreed to file the Prepackaged Bankruptcy Proceeding, as well as the Prepackaged Plan and Disclosure Statement for the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Disclosure Statement) and seek to obtain entry of an order of the Bankruptcy Court approving the Disclosure Statement and confirming the Prepackaged Plan within sixty (60) days after the Petition Date.

**RELIEF REQUESTED**

12.    Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtors are required to file their Schedules within 14 days of the Petition Date. Local Rule 1007-1(b) extends the filing deadline for the Schedules to 30 days if the bankruptcy petition is accompanied by a list of all the debtors' creditors and their addresses, in accordance with Local Rule 1007-2, and if the total number of creditors in a debtors' jointly administered cases exceeds 200. The total number of creditors exceeds 200 and, therefore, absent the relief

requested in this Motion, the Debtors must file their Schedules within 30 days of the Petition Date.

13.    By this Motion, and for the reasons set forth below, the Debtors respectfully request that the Court (i) extend the 30-day period within which it must file its Schedules for an additional 60 days, pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), without prejudice to the Debtors' ability to request additional time should it become necessary, and (ii) permanently waive the requirements for filing the same upon confirmation of the Prepackaged Plan.

14.    Further, as the Debtors filed their Prepackaged Plan on the Petition Date, the Debtors seek entry of an order pursuant to section 341(e) of the Bankruptcy Code directing the US Trustee to not convene a meeting of creditors.

<u>**Cause Exists to Extend the Time to File the Schedules**</u>

15.    Under the circumstances of this prepackaged reorganization case, the Debtors believe that the purpose of filing the Schedules has generally been fulfilled by other means and that the completion of the Schedules is not justified given the costs to the Debtors' estates in terms of both the expenditure of financial and human resources.  Consequently, such requirement represents an unnecessary burden on the estates.

16.    To prepare the Schedules, the Debtors would have to compile information from books, records, and documents relating to the claims of hundreds of potential creditors, as well as the Debtors' assets and many contracts.  This information is voluminous and assembling the necessary information would require a significant expenditure of time and effort on the part of the Debtors and their professionals in the near term, when these resources would be best put towards effectuating the Debtors' reorganization efforts.

17.    In addition, much of the information that would be contained in the Schedules is already available in the Debtors' Disclosure Statement.  Therefore, to require the Debtors to file the Schedules would not only be unnecessarily burdensome to the Debtors' estates, but would also be largely duplicative of information already available in public documents.

18.    In general, a debtor is required to file the Schedules to permit parties in interest to understand and assess the debtors' assets and liabilities and thereafter negotiate and confirm a plan of reorganization.  As described in more detail above, in this "prepackaged" reorganization case, the Debtors have already negotiated the Prepackaged Plan and solicited votes from those parties entitled to vote thereon.  Accordingly, one of the primary justifications for requiring the filing of the Schedules simply does not exist in this reorganization case.  The fact that the Prepackaged Plan provides for the payment in full of General Unsecured Claims (as defined in the Prepackaged Plan) also justifies altering the requirement to file Schedules.

19.    This Court has the authority to grant the requested extension under section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(c) and Local Rule 1007-1(b).  Section 105(a) of the Bankruptcy Code grants the Court broad authority to issue any order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code.  Bankruptcy Rule 1007(c) provides that "any extension of time for the filing of the schedules . . . may be granted only on motion for cause shown."  Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon the filing of a motion by the debtor."

20.    The Debtors submit that good and sufficient cause for granting the relief requested herein exists due to the large amount of information that must be assembled and compiled, the multiple locations of such information, the hundreds of professional hours that

may be required for the completion of the Schedules, the public availability of the information that would be contained in the Schedules, the unique nature of this prepackaged reorganization case, and the lack of prejudice to creditors.  In addition, the Debtors' employees' efforts during the anticipated short period of the pendency of this reorganization case are critical to the Debtors' reorganization efforts.  The Debtors' creditors would be better served if the Debtors' employees devoted their time and attention to business operations in order to maximize the value of these estates going forward.

21.    Further, courts in this district have recognized that filing Schedules in chapter 11 bankruptcy cases (including, particularly, in prepackaged cases) often is unnecessary and have ordered relief similar to that requested herein, including, in certain instances, the granting of permanent waivers of the requirement of filing Schedules.  *See, e.g.*, *In re CommerceConnect Media Holdings, Inc.*, Case No. 09-12765 (BLS) (Bankr. D. Del. Sept. 9, 2009); *In re Aleris Int'l Inc.*, Case No. 09-10478 (BLS) (Bankr. D. Del. March 17, 2009); *In re Recycled Paper Greetings, Inc.*, Case No. 09-10002 (KG) (Bankr. D. Del. Jan. 23, 2009); *In re Key Plastics Fin. Corp.*, Case No. 08-13324 (MFW) (Bankr. D. Del. Jan. 6, 2009); *In re Washington Mutual, Inc.*, Case No. 08-12229 (MFW) (Bankr. D. Del. Nov. 6, 2008); *In re Vertis Holdings, Inc.*, Case No. 08-11460 (CSS) (Bankr. D. Del. Aug. 13, 2008).

22.    In the absence of a permanent waiver, courts have permitted debtors to further extend the time to file their Schedules without filing a supplemental motion so long as they have procured advance consent from the U.S. Trustee.  *See, e.g.*, *In re U.S. Shipping Partners LP*, Case No. 09-12711 (RDD) (Bankr. S.D.N.Y. May 4, 2009); *In re Lexington Precision Corp.*, Case No. 08-11153 (MG) (Bankr. S.D.N.Y. May 28, 2008).

23.     Debtors request permission to obtain further extensions of time to file the Schedules through the submission of a certification of counsel where consent of the US Trustee has been obtained.  This procedure will save the Debtors the expenditure and effort of filing repeated requests for an extension in the event that the duration of this prepackaged reorganization case proves longer than anticipated.  Given the cost savings benefit to the Debtors' estates, such a procedure is warranted.

24.     The requested relief is further supported by the prepackaged nature of this case.  The votes tabulated and received from the classes eligible to vote on such Prepackaged Plan demonstrate overwhelming acceptance of the Prepackaged Plan.  The most critical and complex task required to effectuate a successful reorganization – the negotiation and formulation of a chapter 11 plan of reorganization – has already been accomplished.  Thus, the Debtors respectfully submit that given the backdrop of this prepackaged reorganization case, the relief requested herein is appropriate inasmuch as such relief will assist the Debtors to move towards expeditious confirmation of the widely-supported Prepackaged Plan with the least possible disruption or harm to their business.  Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## The US Trustee Should be Directed not to Convene a Meeting of Creditors

25.     Section 341(a) of the Bankruptcy Code requires the US Trustee to convene and preside at a meeting of creditors, and section 341(b) of the Bankruptcy Code authorizes the US Trustee to convene a meeting of equity security holders.  Section 341(e) of the Bankruptcy Code, however, provides for the following exception to such provisions:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may

> order that the United States trustee not convene a meeting of
> creditors or equity security holders if the debtor has filed a plan as
> to which the debtor solicited acceptances prior to the
> commencement of the case.

11 U.S.C. § 341(e).

26.    The purpose of a section 341 meeting is to provide parties in interest with a meaningful opportunity to examine the debtor and to obtain important information about the debtors. However, as is the case here, when parties have negotiated and voted on a prepackaged plan and both of the impaired classes of creditors and equity holders entitled to vote on the Prepackaged Plan have already voted to accept the Prepackaged Plan, parties are not likely to receive any significant benefit from the meeting.[2]  In addition, the notice and schedule requirements associated with convening such a meeting during these Chapter 11 Cases would cause an unwarranted and costly time delay.

27.    The Debtors filed these Chapter 11 Cases to implement and effectuate the Prepackaged Plan and, as described above, the Debtors solicited the requisite acceptances of the Prepackaged Plan prior to the Petition Date.  The Debtors intend to proceed expeditiously to confirm the Prepackaged Plan and emerge from chapter 11 as quickly as possible.

28.    Therefore, the Debtors respectfully submit that cause exists for the Court to direct the US Trustee not to convene a meeting of creditors pursuant to section 341 of the Bankruptcy Code if the Prepackaged Plan is confirmed reasonably promptly after the Petition Date.

### NOTICE AND NO PRIOR REQUEST

29.    No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases.  Notice of this Motion has been given to: (a) the United States Trustee; (b) the

---

[2]  *See* Vote Affidavit of Service and Vote Certification of Michelle M. Dero.

Debtors' thirty (30) largest unsecured creditors on a consolidated basis, as identified in their Chapter 11 petitions; (c) counsel to the Media Parent; and (d) counsel to the Prepetition Agent. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

33.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially similar to the proposed form of order attached hereto, granting the relief requested herein and such other and further relief as the Court may deem just.

Dated: November 17, 2011
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
William E. Chipman, Jr. (No. 3818)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:    (302) 467-4400
Facsimile:    (302) 467-4450
Email: landis@lrclaw.com
          chipman@lrclaw.com
          ellis@lrclaw.com

*Proposed Counsel to Debtors and
Debtors-in-Possession*